## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric Dean Krieger, | Case No. 13-cv-1942 (JRT/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

Eric Dean Krieger, MCF – Stillwater, 970 Pickett Street North, Bayport, Minnesota 55003, *pro se*.

Tara C. Ferguson Lopez, Mille Lacs County Attorney's Office, 225 Sixth Avenue Southeast, Milaca, MN 56353; Matthew Frank and James B. Early, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for Respondent.

HILDY BOWBEER, United States Magistrate Judge

## I.    INTRODUCTION

This matter is before the Court on Petitioner Eric Dean Krieger's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1]. Respondent opposes the petition.  (Mem. Opp'n Pet. Writ Habeas Corpus [Doc. Nos. 11, 17].)  Petitioner also requests an evidentiary hearing in this matter.  (Pet'r's Reply Resp. Answer [Doc. Nos. 15, 24].)  The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.  For the reasons set forth below, the Court recommends that an evidentiary hearing not be

granted, this petition be denied, this action be dismissed with prejudice, and no certificate of appealability be granted.

## II.   BACKGROUND

On November 10, 2009, a jury in Mille Lacs County District Court convicted Petitioner of two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct, for sexually assaulting his thirteen-year-old daughter. *State v. Krieger*, No. A10-1271, 2011 WL 1642525, at *1 (Minn. Ct. App. May 3, 2011).  These criminal acts consisted of Petitioner having his daughter perform oral sex on him, two or more times; Petitioner having vaginal sex with his daughter, two or more times; and Petitioner penetrating his daughter's vagina with an object, five or more times—all between August 2008 and March 2009.  (Mem. Supp. Verdict, *State v. Krieger*, No. 48-CR-09-1004 (Mille Lacs Cty. Ct. Minn. Nov. 24, 2009), Attach. 1 to Pet'r's Reply [Doc. No. 22-1 at 19].)  The Mille Lacs County District Court imposed concurrent sentences of 336 and 520 months for the first and second counts of first-degree criminal sexual conduct, and 280 months for the count of second-degree criminal sexual conduct. *Krieger*, 2011 WL 1642525, at *5.

### A.   Direct Appeal to the Minnesota Court of Appeals

Petitioner appealed the judgment of conviction, arguing that: (1) the district court abused its discretion by excluding information from the victim's 2003 child-protection file on the ground that it was not material and favorable to the defense; (2) a new trial was necessary because the state twice implied that Petitioner had abused the victim previously; and (3) at sentencing, the district court abused its discretion by imposing a durational

2

departure for impermissible reasons, and incorrectly imposed a 520-month sentence for the second count of first-degree criminal sexual conduct, which exceeded the 360-month statutory maximum sentence. *Id.* at *1. Petitioner also raised several arguments *pro se*, alleging claims of a coerced confession, impermissible use of hearsay and testimonial statements, ineffective assistance of trial counsel, prosecutorial misconduct, insufficient evidence, judicial misconduct, sentencing irregularities, inadequate notice of intent to seek an aggravated sentence, newly discovered evidence, and the cumulative effect of trial errors. *Id.* at *5-8.

The Minnesota Court of Appeals concluded that: (1) exclusion of the relevant information in the child-protection file was harmless error; (2) at trial, the state's allusion to a previous sexual assault examination of the victim did not implicate Petitioner as the perpetrator; and (3) the psychological and emotional harm suffered by the victim supported a durational departure. *Id.* at *1-4. Thus, the court affirmed on these issues. *Id.* But because the sentence exceeded the statutory maximum sentence, the court modified Petitioner's sentence to 360 months. *Id.* at *5. With respect to the arguments raised by Petitioner *pro se*, the court found them meritless. *Id.* at *5-8.

Petitioner appealed two issues to the Minnesota Supreme Court: (1) whether the trial court committed reversible error by denying a motion to disclose evidence of prior sexual penetration of the victim; and (2) whether the durational departures doubling a presumptive sentence for each conviction offense were supported by substantial and compelling grounds. (Pet. Review Decision Ct. Appeals at 2-3, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 2-3].) Petitioner did not appeal the

3

Minnesota Court of Appeals' decision on his *pro se* arguments.  (*Id.*)  On July 19, 2011,

the Minnesota Supreme Court denied review.  (Order, *State v. Krieger*, No. A10-1271

(Minn. July 19, 2011), App. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 99].)

### B.        Petition for Post-Conviction Relief in State Court

On August 6, 2012, Petitioner filed a petition for post-conviction relief, again

arguing that: (1) evidence of the victim's prior sexual abuse was improperly excluded;

(2) the upward durational departure was improper; (3) Petitioner's confession was coerced;

(4) the evidence was insufficient to support his conviction; (5) Petitioner's trial counsel was

ineffective; (6) and the cumulative effect of trial errors warranted a new trial.  *Krieger v.

State*, No. A12-1897, 2013 WL 2149985, at *1 (Minn. Ct. App. May 20, 2013).  Petitioner

also argued, for the first time, that a cautionary instruction encouraged the jury to punish

him based on evidence of prior bad acts.  *Id.*  The district court summarily denied the

petition, relying on the procedural bar set forth in *State v. Knaffla*, 243 N.W.2d 737 (1976),

and Minnesota Statute § 590.01, subd. 1 (2012).  *Id.*  Petitioner appealed the decision, and

the Minnesota Court of Appeals affirmed, concluding that: (1) Petitioner had waived certain

issues raised for the first time on appeal that were not in his post-conviction petition, and in

any event had provided no explanation or factual basis for these claims; and (2) the issues

that had been raised in the petition for post-conviction relief were barred under *Knaffla*, and

no exception to the *Knaffla* rule applied.  *Krieger*, 2013 WL 2149985, at *2-3.  Petitioner

did not seek review by the Minnesota Supreme Court.

### C.        Federal Habeas Action

Petitioner filed this habeas action on July 19, 2013, asserting ten grounds for relief.

(Pet. under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1].)  First, Petitioner claims a violation of the Fifth, Sixth, and Fourteenth Amendments because "incriminating statements [were] produced by coercion." (Pet. at 6-8 [Doc. No. 1 at 5-7[1]]; Mem. Supp. Pet. at 2 [Doc. No. 8 at 15].)[2]  Second, Petitioner claims a violation of the Fourteenth Amendment and due process because the Mille Lacs County District Court admitted allegedly impermissible hearsay and testimonial statements.  (Pet. at 8-9 [Doc. No. 1 at 7-8].)  Third, Petitioner alleges ineffective assistance of counsel.  (*Id.* at 9-11 [Doc. No. 1 at 8-10].)  Fourth, Petitioner alleges prosecutorial misconduct in violation of the Fifth, Eighth, and Fourteenth Amendments.  (*See id.* at 11-12 [Doc. No. 1 at 10-11]; Mem. Supp. Pet. at 21-22 [Doc. No. 8 at 34-35].)  Fifth, Petitioner argues that his sentence was unconstitutional.  (Pet. at 12A-12B [Doc. No. 1 at 12-13].)  Sixth, Petitioner challenges the sufficiency of the evidence introduced against him at trial.  (*Id.* at 12B-12D [Doc. No. 1 at 13-14].)  Seventh, Petitioner challenges the use of a "plain error" instruction during trial.  (*Id.* at 12D-12E [Doc. No. 1 at 15-16].)  Eighth, Petitioner alleges judicial misconduct with respect to various trial errors.  (*Id.* at 12E-12G [Doc. No. 1 at 16-18].)  Ninth, Petitioner maintains his innocence.  (*Id.* at 12G-12H [Doc. No. 1 at 18-19].)  Tenth, Petitioner argues that the cumulative effect of errors during his trial severely prejudiced him.  (*Id.* at 12H-12I [Doc. No. 1 at 19-20].)

---

[1]  Where the pagination of Petitioner's documents differs from that of the ECF filing, the Court includes the pagination of both for ease of reference.

[2]  Petitioner identifies grounds for relief in the supporting memorandum that are not present in the petition.  The Court recognizes that a *pro se* litigant is entitled to a liberal construction of his pleadings, and therefore considers the petition and supporting memorandum as one pleading.

On August 9, 2013, Respondent requested summary dismissal of the habeas petition, arguing that the petition was untimely under 28 U.S.C. § 2244(d).  (Mem. Opp'n Pet. at 1-3 [Doc. No. 11].)  On August 14, 2013, Petitioner moved the Court to apply equitable tolling and accept his petition.  (Mot. Equitable Tolling at 1 [Doc. No. 12].)  On August 26, 2013, Petitioner also filed a reply, arguing that his petition should be granted and an evidentiary hearing was necessary in this matter.  (Pet'r's Reply Resp. Answer at 1 [Doc. No. 15].)

On September 18, 2013,[3] the Court found that Respondent based the calculation of the one-year limitations period on an incorrect start date, and the petition was not, in fact, untimely.  (Sept. 18, 2013, Order at 3-4 [Doc. No. 16].)  Accordingly, the Court denied Respondent's request for summary dismissal on this ground, and denied Petitioner's Motion for Equitable Tolling as moot.  (*Id.* at 4.)  The Court also required Respondent to file an answer to the petition, certifying the true cause of Petitioner's confinement and showing cause why the writ should not be granted.  (*Id.*)  The Court further granted Petitioner thirty days to reply to the answer.  (*Id.*)

On October 18, 2013, Respondent filed a memorandum arguing that the Petitioner's habeas petition should be denied under 28 U.S.C. §§ 2254(a), 2254(d)(1), and 2254(d)(2). (Mem. Opp'n Pet. [Doc. No. 17].)  Petitioner moved for a ninety-day extension of time to respond, which was granted in part and denied in part, and Petitioner was permitted to submit a reply by December 18, 2013.  (Nov. 4, 2013, Order at 1-2 [Doc. No. 19].) On November 20, 2013, Petitioner filed two replies, the latter of which again requested an

---

[3]  The Court signed this Order on September 18, 2013, but it was docketed on ECF the following day.

evidentiary hearing.  (Pet'r's Reply State Mem. [Doc. Nos. 21]; Pet'r's Reply Resp. Answer [Doc. No. 24].)

## III.   DISCUSSION

### A.      Fair Presentation Requirement

Before filing a federal habeas petition, a petitioner must exhaust his state court remedies by fairly presenting his federal constitutional claims to the highest available state court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  When a state has two tiers of appellate review, a petitioner must raise his federal claims to both levels before presenting his claims in a federal habeas petition.  *See id.*  A federal claim is fairly presented when the petitioner refers "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue."  *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (citations omitted).  A federal claim has not been fairly presented to a state court "if that court must read beyond a petition or brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

If a petition contains claims that have not been fairly presented, the court must determine if those claims are unexhausted or procedurally defaulted.  A claim is unexhausted if the claim has not been fairly presented in one complete round of the state's established appellate review process, *O'Sullivan,* 526 U.S. at 845, but the petitioner still has the right under state law to raise the claim by any available procedure, 28 U.S.C. § 2254(c).  A constitutional claim is procedurally defaulted if it has not been

fairly presented in the state courts, and the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Minnesota state law instructs that "where a direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976).[4] If a petitioner is barred from raising his claims in state court under *Knaffla*, such claims are procedurally defaulted.

When a claim is procedurally defaulted in state court, the federal habeas court must examine whether the prisoner has demonstrated cause for the default and actual prejudice resulting from it, or whether a failure to consider the claim will result in a fundamental miscarriage of justice. *McCall,* 114 F.3d at 758 (citing *Coleman,* 501 U.S. at 750). Prejudice need not be considered where a petitioner has failed to fulfill the cause prong of the test. *Id.* The miscarriage of justice exception is available only to a petitioner who has demonstrated that a constitutional violation has probably resulted in the conviction of an innocent person. *Id.* If the exceptions do not apply, the procedural default cannot be excused, and the court will deny the petition without addressing the merits of the claim. *See Carney v. Fabian,* 441 F. Supp. 2d 1014, 1029 (D. Minn. 2006).

---

[4] There are two exceptions to the *Knaffla* rule: (1) where a claim is so novel that its legal basis was not reasonably available at the time of direct appeal; and (2) if the defendant did not deliberately or inexcusably fail to raise the issue in the first appeal, and fairness requires review. *Townsend v. State*, 723 N.W.2d 14, 18 (Minn. 2006).

### B.     Petitioner's Request for an Evidentiary Hearing

A federal court must grant an evidentiary hearing in a federal habeas corpus action if relevant facts are disputed, and a fair evidentiary hearing was not granted in state court. *Wallace v. Lockhart*, 701 F.2d 719, 729 (8th Cir. 1983) (citations omitted).  But dismissal of the habeas petition without a hearing is proper where the allegations are frivolous or, even if true, fail to state a cognizable constitutional claim; where the relevant facts are not in dispute; or where the dispute can be resolved on the basis of the record.  *Id.* at 729-30 (citations omitted).

Petitioner argues that "Relevant facts ARE in dispute," therefore requiring an evidentiary hearing.  (Pet'r's Reply Resp. Answer at 1 [Doc. Nos. 15, 24].)  The Court respectfully disagrees.  Petitioner's mere assertion is unsupported, and he has not shown that a fair evidentiary hearing was denied in state court.  Moreover, the dispute can be resolved on the basis of the record.  As explained below, the record shows that all claims are procedurally defaulted, warranting dismissal of the case.  Thus, the Court recommends denial of an evidentiary hearing.

### C.     Petitioner's Claims

#### 1.     Ground One:  Coerced Confession

Petitioner alleges a violation of the Fifth, Sixth, and Fourteenth Amendments on the ground that Mille Lacs County Investigator Don Lorge coerced Petitioner's confession while Petitioner was under the influence of prescribed narcotics.  (Mem. Supp. Pet. at 2-6 [Doc. No. 8 at 15-19].)  Petitioner also alleges that he was not informed, and should have been informed, of his *Miranda* rights.  (*Id.* at 4 [Doc. No. 8 at 17].)  Respondent argues that

Petitioner's confession was not coerced, and a *Miranda* warning was unnecessary because Petitioner was not in custody when he gave his statement.  (Mem. Opp'n Pet. at 6 [Doc. No. 17].)

The Court first considers whether Petitioner fairly presented this claim to the highest available state court before pursuing relief in federal court.  In his direct appeal, Petitioner included these very arguments concerning his allegedly coerced confession, citing the Fourteenth Amendment and various federal cases.  (*Pro Se* Supp. Br. at Ex. A3-A6, Ex. A to Mem. in Supp. of Pet. [Doc. No. 9 at 4-7].)  The Minnesota Court of Appeals found the arguments meritless, concluding that (1) no *Miranda* warning was required because Petitioner was not in custody when he gave his statement to Investigator Lorge; (2) it was not inappropriate for the investigator to make various statements designed to elicit Petitioner's confession; and (3) contrary to Petitioner's allegation of being under the influence of prescription medication, the investigator testified that he did not observe any signs that Petitioner was under the influence, Petitioner did not inform the investigator that he was under the influence of alcohol or a controlled substance, and the audiotape of Petitioner's confession supported the investigator's testimony.  *Krieger*, 2011 WL 1642525, at *5.  In his petition for review to the Minnesota Supreme Court, Petitioner did not challenge the Minnesota Court of Appeals' determination about the confession on either state or federal grounds.  (Pet. Review Decision Ct. Appeals, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 1-11].)  Accordingly, Petitioner did not fairly present this claim to the Minnesota Supreme Court before seeking relief in federal court.

10

Next, the Court considers whether a state procedural rule precludes review of this claim on the merits.  In Minnesota, once a conviction has been directly appealed, all claims raised in the direct appeal, as well as "all claims known but not raised" at the time of the direct appeal, are barred from consideration in any subsequent petitions for post-conviction relief.  *Cooper v. State*, 745 N.W.2d 188, 190-91 (Minn. 2008) (quoting *Knaffla*, 243 N.W.2d at 741).  In his direct appeal, Petitioner knew of this claim—indeed, he appealed it to the Minnesota Court of Appeals—but did not raise it before the Minnesota Supreme Court.  The *Knaffla* rule would preclude Petitioner from raising the federal nature of this claim in a post-conviction proceeding.  Accordingly, Ground One is procedurally defaulted.

### 2.    Ground Two:  Impermissible Hearsay and Testimonial Statements

Petitioner alleges a violation of the Fourteenth Amendment and due process on the ground that the Mille Lacs County District Court impermissibly admitted hearsay and testimonial statements during his trial.  (Mem. Supp. Pet. at 6-7 [Doc. No. 8 at 19-20].)  Respondent argues that the admissibility of evidence does not involve federal constitutional issues cognizable in a habeas corpus proceeding.  (Mem. Opp'n Pet. at 7 [Doc. No. 17].)

First, the Court considers whether Petitioner fairly presented this claim to the highest available state court.  In his direct appeal, Petitioner raised the same claim, citing only state cases.  (*Pro Se* Supp. Br. at Ex. A7-A8, Ex. A to Mem. Supp. Pet. [Doc. No. 9 at 8-9].)  The Minnesota Court of Appeals found Petitioner's arguments on this issue to be meritless.  *Krieger*, 2011 WL 1642525, at *6.  In his petition for review to the Minnesota Supreme Court, Petitioner did not challenge the Minnesota Court of Appeals' determination on the

allegedly impermissible hearsay and testimonial statements.  (Pet. Review Decision Ct. Appeals, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 1-11].)  Thus, Petitioner did not fairly present this claim to any state appellate court before seeking relief in federal court.

Next, the Court considers whether a state procedural rule precludes review of this claim on the merits.  In his direct appeal, Petitioner could have alerted the Minnesota Court of Appeals to the federal nature of Ground Two by referring to a specific federal constitutional right, a federal case, or a state case that raises a pertinent federal constitutional issue.  He failed to do so.  Further, Petitioner did not raise his arguments concerning the allegedly impermissible hearsay and testimonial statements in his petition for review to the Minnesota Supreme Court.  The *Knaffla* rule would prevent Petitioner from raising this claim in a post-conviction proceeding.  Ground Two, therefore, is procedurally defaulted.

### 3.    Ground Three:  Ineffective Assistance of Counsel

Petitioner alleges a violation of the Sixth Amendment based on a claim of ineffective assistance of counsel, arguing that his trial counsel failed to investigate the case, acquire expert testimony, and present exculpatory evidence to the jury.  (Mem. Supp. Pet. at 7-18 [Doc. No. 8 at 20-31].)  Respondent argues that "there is no indication that petitioner's counsel was unprepared to present a defense at trial," and Petitioner's counsel sufficiently provided opening and closing statements, cross-examined the State's witnesses, moved for dismissal, and reviewed the jury instructions.  (Mem. Opp'n Pet. at 9-10 [Doc. No. 17].)

The Court considers whether Petitioner fairly presented this claim to the highest available state court before seeking relief in federal court.  In his direct appeal, Petitioner

12

brought this very claim, citing *Strickland v. Washington*, 466 U.S. 668 (1984) in support. (*Pro Se* Supp. Br. at Ex. A16-A17, Ex. A to Mem. Supp. Pet. [Doc. No. 9 at 17-18].) The Minnesota Court of Appeals concluded that Petitioner did not meet the legal standard for demonstrating ineffective assistance of counsel. *Krieger*, 2011 WL 1642525, at *6-7. In his petition for review to the Minnesota Supreme Court, however, Petitioner did not challenge the Minnesota Court of Appeals' decision regarding the claim for ineffective assistance of counsel. (Pet. Review Decision Ct. Appeals, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 1-11].) As such, Petitioner failed to fairly present this claim to the highest available state court before filing this habeas petition.

Next, the Court considers whether this claim is procedurally defaulted. In his direct appeal, Petitioner addressed the issue of ineffective assistance of counsel with the Minnesota Court of Appeals, but failed to do so in his petition for review to the Minnesota Supreme Court. Under *Knaffla*, Petitioner is barred from raising this claim in any post-conviction proceeding—precisely the conclusion reached by the Minnesota Court of Appeals. *Krieger*, 2013 WL 2149985, at *2. For these reasons, Ground Three is procedurally defaulted.

### 4.      Ground Four:  Prosecutorial Misconduct

Petitioner claims a violation of the Fifth, Eighth, and Fourteenth Amendments on the basis of prosecutorial misconduct—namely, that the prosecutor allegedly made inflammatory statements during the opening and closing statements, introduced late discovery, and elicited hearsay testimony. (Mem. Supp. Pet. for at 18-22 [Doc. No. 8 at 31-

35].)  Respondent argues that Petitioner does not meet the legal standard for a claim of prosecutorial misconduct, and the assertions of misconduct do not justify habeas corpus relief.  (Mem. Opp'n Pet. at 10 [Doc. No. 17].)

The Court considers whether Petitioner fairly presented this claim to the highest available state court before seeking relief in federal court.  In his direct appeal, Petitioner brought a claim of prosecutorial misconduct based on the prosecutor's allegedly inflammatory statements during opening and closing statements, and Petitioner cited state and federal cases in support.  (*Pro Se* Supp. Br. at Ex. A15, Ex. A to Mem. Supp. Pet. [Doc. No. 9 at 16].)  The Minnesota Court of Appeals concluded that the prosecutor did not commit any misconduct during the closing statement by referring to admissible evidence. *Krieger*, 2011 WL 1642525, at \*7.  In petitioning for review to the Minnesota Supreme Court, Petitioner did not challenge the Minnesota Court of Appeals' determination on prosecutorial misconduct.  (Pet. Review Decision Ct. Appeals, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 1-11].)  Based on these facts, Petitioner did not fairly present this claim to the Minnesota Supreme Court before seeking federal relief.

The Court also considers whether Petitioner's claim of prosecutorial misconduct is procedurally defaulted.  In his direct appeal, Petitioner knew of this claim, appealing it to the Minnesota Court of Appeals.  Petitioner, however, failed to raise it in his petition for review to the Minnesota Supreme Court.  Under *Knaffla*, Petitioner can no longer raise this claim in a post-conviction proceeding.  Therefore, Ground Four is procedurally defaulted.

14

### 5.    Ground Five:  Unconstitutional Sentence

In his habeas petition, Petitioner claims that his sentence was unconstitutional because "there was no fact beyond a reasonable doubt to support it."  (Pet. at 12A [Doc. No. 1 at 12].)  Petitioner also argues that the Mille Lacs County District Court and his trial counsel coerced him to waive his rights under *Blakely v. Washington*, 542 U.S. 296 (2004). (*Id.*)  Respondent argues that the Minnesota Court of Appeals reviewed Petitioner's sentence and corrected any irregularities.  (Mem. Opp'n Pet. at 8 [Doc. No. 17].)

The Court finds that Petitioner did not fairly present this claim to the highest available state court before seeking relief in federal court.  In his direct appeal, Petitioner challenged his sentence based on the trial court judge's failure to include a written explanation for the dispositional and durational departures, in alleged violation of the Minnesota Sentencing Guidelines.[5]  (*Pro Se* Supp. Br. at Ex. A10, Ex. A to Mem. Supp. Pet. [Doc. No. 9 at 11].)  Petitioner did not refer "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue."  *See McCall*, 114 F.3d at 757.  Petitioner did not pursue this argument further in his petition for review to the Minnesota Supreme Court. (Pet. for Review of Decision of Ct. of Appeals, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 1-11].)  Until now, Petitioner never argued that no facts beyond a reasonable doubt supported his sentence, or that the Mille Lacs County District Court and trial counsel coerced Petitioner to waive his

---

[5]  The Minnesota Court of Appeals found no merit to this argument.  *Krieger*, 2011 WL 1642525, at *2.

*Blakely* rights.  (Appellant's Br. & Addendum, *State v. Krieger*, No. A10-1271 (Minn. Ct. App. Oct. 28, 2010), App. 1 to Mem. Opp'n Pet. [Doc. No. 17-1]; *Pro Se* Supp. Br., Ex. A to Mem. Supp. Pet. [Doc. No. 9]; Pet. Review Decision Ct. Appeals, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 1-11].) For all of these reasons, Petitioner failed to fairly present his claim of an unconstitutional sentence, on whichever basis, to the Minnesota Supreme Court before pursuing federal habeas relief.

Additionally, the Court considers whether Petitioner's current claim of an unconstitutional sentence is procedurally defaulted.  In his direct appeal, Petitioner could have raised the federal nature of such a claim, but did not.  Therefore, the Court believes that the state courts would find this claim barred under *Knaffla*, and Ground Five is procedurally defaulted.

### 6.    Ground Six:  Insufficient Evidence

Petitioner contends there was insufficient evidence for his conviction, because his confession was coerced; testimony by the victim was inconsistent; and the trial court committed evidentiary errors.  (Mem. Supp. Pet. at 29-31 [Doc. No. 8 at 42-44].) Respondent argues that sufficient evidence supported Petitioner's conviction, and the victim's testimony was sufficiently credible.  (Mem. Opp'n Pet. at 8-9 [Doc. No. 17].)

The Court considers whether Petitioner fairly presented his claim of insufficient evidence to the highest available state court.  In his direct appeal, Petitioner alleged a violation of due process and the Fourteenth Amendment because the evidence at trial was insufficient to justify Petitioner's conviction; the victim's testimony was not credible;

hearsay and testimonial statements were improperly admitted; and the trial court committed evidentiary errors.  (*Pro Se* Supp. Br. at Ex. A11-A12, Ex. A to Mem. Supp. Pet. [Doc. No. 9 at 12-13].)  The Minnesota Court of Appeals deferred to the jury's assessment of witness credibility, and found more than sufficient evidence in the record to support Petitioner's conviction.  *Krieger*, 2011 WL 1642525, at *7.  In his petition for review to the Minnesota Supreme Court, Petitioner did not challenge the Minnesota Court of Appeals' decision regarding the claim for insufficient evidence.  (Pet. Review Decision Ct. Appeals, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 1-11].)  Thus, Petitioner failed to fairly present this claim to the highest available state court before filing the instant habeas petition.

The Court also considers whether Petitioner's claim of insufficient evidence is procedurally defaulted.  In his direct appeal, Petitioner knew of this claim because he raised it with the Minnesota Court of Appeals.  Petitioner, however, did not address this issue in his petition for review to the Minnesota Supreme Court.  Under *Knaffla*, Petitioner's claim of insufficient evidence would be barred.  Accordingly, Ground Six is procedurally defaulted.

### 7.   Ground Seven:  "Plain Error" Instruction

Petitioner argues that the Mille Lacs County District Court erred by giving the following jury instruction: "The State has introduced evidence of an alleged uncharged sex offense in July 2008 in the defendant's truck."  (Mem. Supp. Pet. at 32-33 [Doc. No. 8 at 45-46].)  Respondent contends that any alleged trial errors do not justify habeas corpus relief.  (Mem. Opp'n Pet. at 9 [Doc. No. 17].)

17

The Court considers whether Petitioner fairly presented this claim to the highest available state court before pursuing relief in federal court.  In his direct appeal, Petitioner challenged the above jury instruction before the Minnesota Court of Appeals, but cited only state cases.  (*Pro Se* Supp. Br. at Ex. A9, Ex. A to Mem. Supp. Pet. [Doc. No. 9 at 10].)  Petitioner neglected to raise this claim altogether in his petition for review to the Minnesota Supreme Court.  (Pet. Review Decision Ct. Appeals, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 1-11].)  For both of these reasons, Petitioner did not fairly present Ground Seven to the highest available state court before filing the instant habeas petition.

Next, the Court considers whether Ground Seven is procedurally defaulted.  In his direct appeal, Petitioner knew of the jury instruction issue because he raised it before the Minnesota Court of Appeals.  But he did not pursue this issue before the Minnesota Supreme Court.  Once Petitioner directly appealed his conviction, all claims that were raised, or known but not raised, are barred from future review by the state courts.  Indeed, the Minnesota Court of Appeals concluded that the jury instruction issue was barred under *Knaffla*. *Krieger*, 2013 WL 2149985, at *2.  Therefore, the Court finds that Ground Seven is procedurally defaulted.

### 8.   Ground Eight:  Judicial Misconduct

Petitioner's claim of judicial misconduct rests on the following alleged acts by the trial court judge: (1) allowing late discovery; (2) allowing hearsay testimony; (3) denying Petitioner's motion to suppress his confession; (4) "using prior criminal history to upward depart from the Sentencing Guidelines"; (5) showing bias toward Petitioner; and

18

(6) mischaracterizing and sealing the evidence in the victim's 2003 child-protection file.[6] (Mem. Supp. Pet. at 33-39 [Doc. No. 8 at 46-52].) Respondent argues that such alleged trial errors do not justify habeas corpus relief. (Mem. Opp'n Pet. at 9 [Doc. No. 17].)

At issue is whether Petitioner presented these grounds for judicial misconduct to the Minnesota Supreme Court before pursuing habeas relief in federal court. Regarding judicial bias, Petitioner did not raise this issue in his direct appeal to the Minnesota Court of Appeals or the Minnesota Supreme Court. (*See* Appellant's Br. & Addendum, *State v. Krieger*, No. A10-1271 (Minn. Ct. App. Oct. 28, 2010), App. 1 to Mem. Opp'n Pet. [Doc. No. 17-1]; *Pro Se* Supp. Br., Ex. A to Mem. Supp. Pet. [Doc. No. 9]; Pet. Review Decision Ct. Appeals, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 1-11].)

Regarding the alleged use of Petitioner's criminal history in sentencing, Petitioner argued to the Minnesota Court of Appeals that the convictions in this case—evidencing multiple types of penetration—should not be a basis to depart upward, because there was no showing that the different types of penetration occurred during the same behavioral incident. (Appellant's Br. & Addendum at 32-36, *State v. Krieger*, No. A10-1271 (Minn. Ct. App. Oct. 28, 2010), App. 1 to Mem. Opp'n Pet. [Doc. No. 17-1 at 39-43].) Petitioner cited only state cases, however, and did not identify the federal nature of the claim. (*Id.*) In his petition for review to the Minnesota Supreme Court, Petitioner did not pursue this argument

---

[6] Petitioner appears to rely on the same arguments about the allegedly impermissible hearsay statements and his allegedly coerced confession here as he did in Grounds One and Two. *See supra* Parts III.C.1, 2. The Court incorporates its earlier analysis and concludes that any claim based on the allegedly impermissible hearsay statements or coerced confession is procedurally defaulted. *Id.*

further on either state or federal grounds.  (Pet. Review Decision Ct. Appeals, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 1-11].)

As for late discovery, this concern was raised before the Minnesota Court of Appeals, but not the Minnesota Supreme Court.  (*Pro Se* Supp. Br. at A14, Ex. A to Mem. Supp. Pet. [Doc. No. 9 at 15]; Pet. Review Decision Ct. Appeals, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 1-11].)

Finally, with respect to the trial court's mischaracterization and sealing of evidence in the victim's child-protection file, Petitioner raised the federal nature of this claim before the Minnesota Court of Appeals, but not the Minnesota Supreme Court.  His memorandum to the Minnesota Court of Appeals cites the Fifth and Sixth Amendments, as well as federal cases, in support of this claim.  (Appellant's Br. & Addendum at 18, *State v. Krieger*, No. A10-1271 (Minn. Ct. App. Oct. 28, 2010), App. 1 to Mem. Opp'n Pet. [Doc. No. 17-1 at 25].)  The petition for review to the Minnesota Supreme Court, however, merely alludes to Petitioner's "constitutional right to due process and a fair trial."  (Pet. Review Decision Ct. Appeals at 8, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 9].)  Such a reference does not sufficiently raise the federal nature of Petitioner's claim regarding the evidence in the victim's child-protection file, because it does not refer "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue."  *See McCall*, 114 F.3d at 757.

Accordingly, for all allegations in support of Ground Eight, the Court concludes that

Petitioner failed to fairly present them to the highest available state court before seeking

habeas relief in federal court.

Next, the Court considers whether a state procedural rule precludes review of the

bases for Ground Eight on the merits.  Petitioner could have raised the federal nature of his

judicial-misconduct claim in his petition for review with the Minnesota Supreme Court, but

chose not to do so.  The Court concludes that the state courts would find this claim barred

under *Knaffla*.  Ground Eight, therefore, is procedurally defaulted.

### 9.      Ground Nine:  Actual Innocence

Petitioner maintains his innocence in Ground Nine of the habeas petition.[7]  (Mem.

Supp. Pet. at 39-43 [Doc. No. 8 at 52-56].)  Petitioner also argues that the jury was deprived

of critical evidence (*i.e.*, evidence in the victim's 2003 child-protection file) that would have

established his innocence, and that his trial counsel was ineffective.[8]  (*Id.* at 42-43 [Doc.

No. 8 at 55-56].)  Respondent argues that Petitioner failed to raise his claim of innocence

previously, and the claim is procedurally defaulted.  (Mem. Opp'n Pet. at 3-4 [Doc.

No. 17].)

The Court considers whether Petitioner fairly presented his claim of actual innocence

to the highest available state court before pursuing habeas relief in this Court.  Viewing the

---

[7]  Petitioner appears to argue his claim of actual innocence as a substantive basis for relief.
Petitioner also asserts actual innocence as an excuse for procedural default in Ground Three.
(*See* Mem. Supp. Pet. at 18 [Doc. No. 8 at 31].)  The Court addresses this argument
separately in Part III.D.11.

[8]  Here, Petitioner relies on similar arguments about ineffective assistance of counsel and
the evidence in the victim's 2003 child-protection file as he did in Grounds Three and
Eight.  *See supra* Parts III.C.3, III.C.8.  The Court incorporates its earlier analysis and
concludes that any claim based on these grounds is procedurally defaulted.  *Id.*

habeas petition liberally, Petitioner maintains his innocence in his direct appeal to the

Minnesota Court of Appeals, but even so, does not identify the federal nature of such a

claim.  (*Pro Se* Supp. Br. at Ex. A3, Ex. A to Mem. Supp. Pet. [Doc. No. 9 at 4].)  And,

nowhere in his petition for further review to the Minnesota Supreme Court does Petitioner

assert his actual innocence.  (Pet. Review Decision Ct. Appeals, *State v. Krieger*, No. A10-

1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 1-11].)  To the

extent Petitioner intended to maintain his innocence via his claim of insufficient evidence

(Ground Six), Petitioner failed to challenge the Minnesota Court of Appeals' determination

regarding the insufficient-evidence claim before the Minnesota Supreme Court, as discussed

in Part III.C.6.  Therefore, Petitioner did not fairly present his claim of actual innocence to

the highest available state court.

Next, the Court considers whether Petitioner's claim of actual innocence is

procedurally defaulted.  Petitioner could have raised the federal nature of an actual-

innocence claim on direct appeal in the state courts, but did not.  Consequently, the state

courts would find this claim procedurally barred under *Knaffla*, and Ground Nine is

procedurally defaulted.

### 10.    Ground Ten:  Cumulative Effect of Errors

In his habeas petition, Petitioner alleges that he was denied a fair trial by the

cumulative effect of perceived trial errors.  (Mem. Supp. Pet. at 43-45 [Doc. No. 8 at 56-

58].)  Respondent argues that the Eighth Circuit Court of Appeals does not recognize the

cumulative error doctrine, and therefore Petitioner is not entitled to habeas corpus relief on

this basis.  (Mem. Opp'n Pet. at 10-11 [Doc. No. 17].)

The Court considers whether Petitioner fairly presented this claim to the Minnesota Supreme Court.  In his direct appeal, Petitioner raised the cumulative-effect-of-errors issue before the Minnesota Court of Appeals, citing various state cases.  (*Pro Se* Supp. Br. at Ex. A18, Ex. A to Mem. Supp. Pet. [Doc. No. 9 at 19].)  The Minnesota Court of Appeals found this argument to lack merit, noting that Petitioner had "not shown multiple errors that could be aggregated to warrant a new trial." *Krieger*, 2011 WL 1642525, at *8.  In his petition for review to the Minnesota Supreme Court, Petitioner did not appeal the Minnesota Court of Appeals' conclusion.  (Pet. Review Decision Ct. Appeals, *State v. Krieger*, No. A10-1271 (Minn. May 31, 2011), Attach. 2 to Mem. Opp'n Pet. [Doc. No. 17-2 at 1-11].)  In view of these facts, Petitioner did not fairly present the claim embodied by Ground Ten to the highest available state court before seeking relief in federal court.

Next, the Court considers whether Ground Ten is procedurally defaulted.  In his direct appeal, Petitioner knew of this claim because he appealed it to the Minnesota Court of Appeals.  Petitioner, however, did not raise this issue in his petition for review to the Minnesota Supreme Court.  Under *Knaffla*, Petitioner's claim regarding the cumulative effect of alleged trial errors would be procedurally barred by the state courts.  Accordingly, the Court concludes that Ground Ten is procedurally defaulted.

### 11.    Excuse for Default

The effect of a procedurally defaulted claim is that the Court may not consider the claim on federal habeas review, unless Petitioner can show (1) cause for the default and actual prejudice, or (2) actual innocence, otherwise known as the fundamental miscarriage-

of-justice exception.[9]  *See Murphy v. King*, 652 F.3d 845, 849-50 (8th Cir. 2011).  Nowhere in his petition did Petitioner cite a cause for his default, so the default cannot be excused on that basis.  Turning next to the miscarriage-of-justice exception, Petitioner appears to assert actual innocence as an excuse for default in his discussion of Ground Three.  (Mem. Supp. Pet. at 18 [Doc. No. 8 at 31].)  To qualify for the actual-innocence exception, however, Petitioner must present new reliable evidence that was not presented at trial, and show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Whitmore v. Avery*, 63 F.3d 688, 689-90 (8th Cir. 1995).  Petitioner cited no such evidence.  Absent cause for the default and actual prejudice, or new reliable evidence to support his claim of actual innocence, the Court cannot excuse Petitioner's procedural default on Grounds One through Ten.  In turn, the Court does not reach the merits of each claim and recommends that all of Petitioner's claims be dismissed with prejudice.

### D.    Certificate of Appealability

In order to appeal a final ruling on a federal habeas corpus petition, a state prisoner must be granted a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A); Fed. R.

---

[9]  To satisfy the "cause" requirement, Petitioner must show that some external reason prevented him from presenting the federal nature of his claim to each level of the Minnesota courts.  *See Coleman*, 501 U.S. at 753 (noting, for example, "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by officials' . . . made compliance impracticable, would constitute cause under this standard" (citation omitted)).  To satisfy the "fundamental miscarriage of justice" exception, Petitioner must show "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial."  *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

App. P. 22(b)(1).  The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).

Here, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than recommended here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review.  The Court therefore recommends that Petitioner not be granted a COA in this matter.

## IV.    RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    Petitioner's request for an evidentiary hearing be **DENIED**;

2.    The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be **DENIED**;

3.    This action be **DISMISSED WITH PREJUDICE**; and

4.    A certificate of appealability should **NOT** be granted.


Dated:  August 5, 2014               _s/ Hildy Bowbeer_
                                     HILDY BOWBEER
                                     United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 25, 2014**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  A judge shall make a *de novo* determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.