UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric Dean Krieger,<br><br>                Petitioner,<br><br>v.<br><br>State of Minnesota,<br><br>                Respondent. | Case No. 13-cv-1942 (JRT/HB)<br><br>**REPORT AND RECOMMENDATION** |

Eric Dean Krieger, MCF – Stillwater, 970 Pickett Street North, Bayport, Minnesota 55003, *pro se*.

Tara C. Ferguson Lopez, Mille Lacs County Attorney's Office, 225 Sixth Avenue Southeast, Milaca, MN 56353; Matthew Frank and James B. Early, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for Respondent.

HILDY BOWBEER, United States Magistrate Judge

## I. INTRODUCTION

Before the Court is Petitioner Eric Dean Krieger's motion to stay the instant case [Doc. No. 28]. The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that Petitioner's motion be denied.

## II. BACKGROUND

The history of the case is set forth in this Court's August 5, 2014, Report and Recommendation, which is incorporated here. In the Report and Recommendation, the

Court recommended that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be denied and this action be dismissed with prejudice, because all ten grounds asserted in the § 2254 petition are procedurally defaulted. (Aug. 5, 2014, Report and Recommendation [Doc. No. 26].)  On August 20, 2014, Petitioner objected to the Report and Recommendation.  (Objection [Doc. No. 27].)  That same day, Petitioner also moved to stay the case "in order to return to state court to complete exhaustion of the unexhausted claims to the Minnesota Supreme Court."  (Mot. Stay [Doc. No. 28].)

### III.   DISCUSSION

The "stay and abeyance" procedure in habeas actions is used when a federal habeas petitioner presents a "mixed" habeas petition containing exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  Under this procedure, a federal district court may stay the habeas action to allow the petitioner to present his unexhausted claims to the state court before returning to federal court for review of his habeas petition.  *Id.* at 275-76. The "stay and abeyance" procedure, however, does not apply when the claims are procedurally defaulted.  *Boss v. Ludwick*, 863 F. Supp. 2d 845, 856 (N.D. Iowa 2012) (citing *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005)).  The only question, then, is "whether the petitioner can overcome the procedural default of the challenged claims to allow them to be considered by the federal court pursuant to § 2254." *Boss*, 863 F. Supp. 2d at 856.  "[I]f the petitioner cannot overcome procedural default of the challenged claims, dismissal of those claims is proper." *Id.* (citing *Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010)).

As explained in the Court's August 5, 2014, Report and Recommendation, the doctrine of procedural default bars review of the claims that Petitioner seeks to raise in state court. Thus, the procedural default of Petitioner's claims entirely moots the issue of "stay and abeyance," and the only question is whether Petitioner can overcome the procedural default of the challenged claims.

Petitioner argues that his appellate counsel was ineffective in preserving his claims before the Minnesota Supreme Court. (Mem. Supp. Mot. at 1 [Doc. No. 29].) But attorney error resulting in procedural default is not cause to excuse the default unless the attorney's performance was constitutionally deficient. *Armstrong*, 418 F.3d at 927. Petitioner has not shown that appellate counsel's performance was constitutionally deficient. And as noted in this Court's Report and Recommendation, nowhere in the petition did Petitioner cite a cause for his default. (Aug. 5, 2014, Report and Recommendation at 23-24 [Doc. No. 26].) For these reasons, Petitioner cannot overcome the procedural default of all his claims.

## IV.   RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's Motion to Stay [Doc. No. 28] be **DENIED**.

Dated: September 5, 2014

s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 24, 2014**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. A judge shall make a *de novo* determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.