UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIC DEAN KRIEGER, | Civil No. 13-1942 (JRT/HB) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORTS AND RECOMMENDATIONS** |
| STATE OF MINNESOTA, | |
| Respondent. | |

Eric Dean Krieger, No. 144143, MCF – Stillwater, 970 Pickett Street North, Bayport, MN 55003, *pro se*.

Tara C. F. Lopez, Assistant County Attorney, **MILLE LACS COUNTY ATTORNEY'S OFFICE**, 225 Sixth Avenue Southeast, Milaca, MN 56353;, for respondent.

Eric Dean Krieger filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 asserting ten grounds for post-conviction relief. United States Magistrate Judge Hildy Bowbeer issued two Report and Recommendations ("R&Rs") on Krieger's petition on August 5, 2014 ("August R&R") and September 5, 2014 ("September R&R"). (Docket Nos. 26, 31.) In the August R&R, the Magistrate Judge recommended that the Court deny Krieger's application for habeas relief. Krieger objected to the August R&R and filed a motion to stay the habeas corpus petition in order to return to state court. In the September R&R, the Magistrate Judge recommended denial of this motion to stay. This matter is before the Court on Krieger's objections to both R&Rs. Because Krieger failed to present any of the ten grounds asserted before this Court to the Minnesota

Supreme Court and the time to do so has now elapsed, these grounds are procedurally defaulted. Therefore, the Court will adopt the August R&R, overrule Krieger's objections, and dismiss Krieger's § 2254 petition with prejudice. Additionally, because Krieger cannot overcome the procedural default of his claims, the Court will adopt the September R&R, overrule Krieger's objections, and dismiss Krieger's motion to stay these proceedings.

## BACKGROUND

### I.   STATE COURT PROCEEDINGS

In November 2009, a jury in Mille Lacs County District Court convicted Krieger of two counts of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(b), and one count of second-degree criminal sexual conduct in violation of Minn. Stat. § 609.343, subd. 1(b), for sexual conduct related to a 13-year-old victim. *State v. Krieger*, A10-1271, 2011 WL 1642525 at *1 (Minn. Ct. App. May 3, 2011). Krieger appealed the conviction to the Minnesota Court of Appeals in May 2011, arguing that (1) the Mille Lacs County District Court abused its discretion in excluding the victim's child protection file on the grounds that the information within it was not material and favorable to the defense; (2) a new trial was necessary because the state, on two occasions, impermissibly implied that Krieger had previously abused the victim; and (3) the state trial court abused its discretion first, by imposing an upward departure sentence without articulating substantial and compelling reasons in the sentencing order, and second, by imposing a sentence in excess of the statutory maximum sentence length

of 360 months for first-degree criminal sexual conduct. *Id.* Krieger additionally argued that (1) his confession was coerced by police, (2) hearsay and testimonial statements were improperly admitted into evidence against him, (3) he did not receive the benefit of effective assistance of trial counsel, (4) the State of Minnesota failed to timely notify him of its intent to seek an aggravated sentence, (5) prosecutorial misconduct tainted the jury's deliberation, (6) the state trial court's sentence was irregular, (7) insufficient evidence was presented at trial to support his conviction, (8) the mischaracterizing and sealing evidence in the victim's 2003 child-protection file amounted to judicial misconduct, (9) a new trial was warranted based on newly discovered evidence, and (10) the cumulative effect of trial errors undermined his constitutional right to a fair trial. *Id.* at \*5–8.

The Minnesota Court of Appeals rejected most of Krieger's arguments finding that: (1) the exclusion of relevant information in the victim's child-protection file was harmless error, (2) the State's reference to a previous sexual assault examination of the 13-year-old victim did not implicate Krieger, and (3) the emotional and psychological injury endured by the victim supported an upward durational departure. *Id.* at \*1–4. However, the court reduced Krieger's sentence to 360 months because the state trial court's 520 month sentence exceeded the statutory maximum. *Id.* at \*1. Finally, the Court of Appeals found that each of Krieger's remaining *pro se* arguments were without merit. *Id.* at \*5–8.

Krieger filed a petition for discretionary appeal in the Minnesota Supreme Court raising two issues: (1) whether the state trial court erred in denying a motion to unseal

evidence of prior sexual penetration of the victim, and (2) whether the durational departure sentence was supported by substantial and compelling reasons. (Mem. in Opp'n to Pet. for Writ of Habeas Corpus, App. 2 (Pet. for Review of Decision of Ct. of Appeals ("Supreme Ct. Minn. Appeal")), at 2–3, Oct. 18, 2013, Docket No. 17-2.) Krieger's appeal to the Minnesota Supreme Court did not include any of the *pro se* arguments submitted to the Court of Appeals. *Id.* On July 19, 2011, the Minnesota Supreme Court rejected Krieger's petition. (*Id.* at 99.)

In August 2012, Krieger sought post-conviction relief in state court, arguing once again that: (1) evidence of prior sexual abuse of the victim was improperly sealed and excluded, (2) the durational departure was improper, (3) his confession was coerced, (4) insufficient evidence was presented to support a conviction, (5) the representation amounted to ineffective assistance of appellate counsel, and (6) the cumulative effect of trial errors warranted a new trial. *Krieger v. State*, No. A12-1897, 2013 WL 2149985, at \*1 (Minn. Ct. App. May 20, 2013). Additionally, Krieger argued, for the first time, that the jury instructions encouraged his punishment based on prior bad acts. *Id.* The state trial court denied the petition pursuant to the exhaustion rule established in *State v. Knaffla*, 243 N.W.2d 737 (1976), and codified in Minnesota Statute section 590.01. *Id.* The *Knaffla* rule establishes that in a petition for post-conviction relief, appellate courts can decline to review claims that were not raised but could have been raised on direct appeal. *Berkovitz v. State*, 826 N.W.2d 203, 209 (Minn. 2013) (citing *Knaffla*, 243 N.W.2d at 741). Krieger appealed the state trial court's denial of post-conviction relief, raising seven issues. *Krieger*, 2013 WL 2149985, at \*1. The Court of Appeals affirmed,

holding first that the three issues not raised in Krieger's petition for post-conviction relief, but brought to the appellate court, were waived. *Id.* at *2. An appellate court "generally will not decide issues which were not raised before the district court[.]" *Id.* (quoting *Roby v. State,* 547 N.W.2d 354, 357 (Minn. 1996)). The Court of Appeals concluded that that the additional claims in Krieger's appeal of his denial for post-conviction relief were procedurally defaulted under the *Knaffla* rule. *Id.* Under the *Knaffla* rule, an appeals court may "decline to review claims that were not raised, or could have been raised, on direct appeal." *Id.* (citing *Berkovitz v. State,* 826 N.W.2d 203, 209 (Minn.2013)).

## II.   PROCEDURAL HISTORY

In July 2013, Krieger filed this action in federal court, seeking habeas corpus relief under 28 U.S.C. § 2254 and asserting ten grounds for relief. (Pet. for Writ of Habeas Corpus ("Habeas Pet."), July 19, 2013, Docket No. 1.)[1] First, Krieger claims violations of the Fifth, Sixth, and Fourteenth Amendments because his confession was allegedly coerced. (Habeas Pet. at 5; Mem. Supp. Pet., at 15, July 19, 2013, Docket No. 8.)[2] Second, Krieger claims a violation of his Fourteenth Amendment rights and due process because the state trial court allegedly admitted impermissible hearsay and testimonial

---

[1] Where the pagination of Petitioner's documents differs from the CM/ECF filing, the Court will refer to the CM/ECF pagination.

[2] Krieger sets forth grounds for relief in the supporting memorandum that are not included in his habeas petition. The Magistrate Judge considered the Petition and supporting memorandum as one pleading in recognition of Krieger's *pro se* status. The Court also adopts this liberal construction of the pleadings.

statements. (Habeas Pet. at 7–8.) Third, Krieger asserts ineffective assistance of appellate counsel. (*Id.* at 8–9.) Fourth, Krieger alleges prosecutorial misconduct in violation of the Fifth, Eighth, and Fourteenth Amendments. (*Id.* at 10–12; Mem. Supp. Pet. at 34–35.) Fifth, Krieger argues that his sentence was unconstitutional. (Habeas Pet. at 12.) Sixth, Krieger asserts the evidence introduced against him at trial was insufficient to support a conviction. (*Id.* at 13.) Seventh, Krieger challenges the use of a "plain error" instruction in violation of his right to a fair trial. (*Id.* at 15.) Eighth, Krieger alleges judicial misconduct pointing to six trial errors including the trial court's sealing of evidence in the victim's child-protection file. (*Id.* at 16.) Ninth, Krieger asserts his innocence. (*Id.* at 18.) Tenth, and finally, Krieger argues that the cumulative effect of errors throughout his trial prejudiced his defense. (*Id.* at 19.)

On August 5, 2014, the Magistrate Judge issued an R&R recommending the denial of Krieger's petition for habeas relief on all ten grounds asserted and dismissing this action with prejudice. (August R&R at 9–23) The Magistrate Judge concluded all of the claims raised in Krieger's habeas petition under 28 U.S.C. § 2254 were procedurally defaulted under the *Knaffla* rule. (*Id.*) Krieger filed objections to this R&R. (Objections to R&R ("August Objections"), Aug. 20, 2014, Docket No. 27.) Krieger then filed a motion to stay his habeas petition to allow the state court to complete exhaustion of all the unexhausted claims described in the R&R. (Mot. to Stay, ¶¶ 1–2, Aug. 20, 2014, Docket No. 28.) The Magistrate Judge issued an R&R recommending denial of this motion because stay and abeyance procedures are not available for procedurally defaulted

claims.  (September R&R.)  Krieger filed objections to this second R&R as well. (Objections to R&R ("September Objections"), Sept. 15, 2014, Docket No. 32.)

## ANALYSIS

### I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

### II. KRIEGER'S OBJECTIONS TO THE AUGUST R&R

Before petitioning for a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, giving the state the opportunity to correct any alleged violations of a prisoner's rights. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To give the state court the opportunity to assess the alleged violations, "the prisoner must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (internal quotation marks omitted). A federal claim is fairly presented if the petition refers to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (internal quotation marks omitted). In contrast, a claim has not been fairly presented to a state court when

"that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32. Claims may be procedurally defaulted if they are not fairly presented before the state courts and are no longer reviewable by the state courts because of the state's procedural rules. *Krikorian v. Beltze*, Civ. No. 09-59, 2009 WL 2591645, at *3 (D. Minn. Aug. 19, 2009).

The Magistrate Judge denied Krieger's petition for post-conviction relief based on the "*Knaffla* rule." The *Knaffla* rule states that "[o]nce a [defendant] has taken a direct appeal, all claims raised in the direct appeal as well as 'all claims known but not raised' at the time of the direct appeal are barred from consideration in any subsequent petitions for post-conviction relief." *Krikorian*, 2009 WL 2591645, at *3 (quoting *Cooper v. State*, 745 N.W.2d 188, 190–91 (Minn. 2008)). Krieger objects to the Magistrate Judge's determination that all ten of the grounds for which he asserts habeas relief are procedurally defaulted under the rule.

### A. Ineffective Assistance of Appellate Counsel

Regarding grounds one, two, three, four, six, seven, and nine, for which Krieger petitions this Court for habeas relief – coerced confession, impermissible hearsay and testimonial statements, ineffective assistance of appellate counsel, prosecutor misconduct, insufficient evidence, plain error instruction, and actual innocence – Krieger concedes that the assistant state public defender who filed Krieger's petition for review did not submit these claims to the Minnesota Supreme Court. (August Objections at 1.)

Krieger argues that appellate counsel's failure to include these claims in his Petition for Discretionary Review before the Minnesota Supreme Court was "ineffective assistance of counsel." (*Id.*)  This Court disagrees.

Krieger's claims cannot be reviewed on the merits unless he is able to demonstrate either "cause for his default and actual prejudice, or that the failure to consider his claims would result in a fundamental miscarriage of justice." *McCall*, 114 F.3d at 758 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  Krieger personally tendered six of these seven claims as *pro se* arguments on direct appeal to the Minnesota Court of Appeals.  Crucially, Krieger was aware that these claims were rejected by the Minnesota Court of Appeals and failed to reassert them in his Petition for Discretionary Review before the Minnesota Supreme Court.  As a result, his claim is procedurally defaulted under the *Knaffla* rule.

Under the *Knaffla* rule, whether Krieger's appellate counsel was or was not effective in deciding not to raise Krieger's *pro se* claims or assert actual innocence in Krieger's petition to the Minnesota Supreme Court is not dispositive.  The *Knaffla* rule functions as a complete procedural barrier subject to two exceptions: (1) if a novel legal issue is presented, or (2) if the interests of justice require review.  *E.g.*, *Schleicher v. State*, 718 N.W.2d 440, 447 (Minn. 2006).  Neither of these exceptions is germane to the instant case.  Krieger's failure to include the grounds for relief raised in objections one, two, three, four, six, seven, and nine, when seeking review by the Minnesota Supreme Court, bars review here.

### B.     Unconstitutional Sentence Determination

Krieger argues that his sentence length is unconstitutional.  On direct appeal to the Court of Appeals, Krieger argued that the trial court abused its discretion by imposing an upward durational departure sentence for impermissible reasons.  (August R&R at 3.) Krieger reasserted this claim before the Supreme Court, arguing that the sentence of 360 months was not supported by substantial and compelling reasons articulated in the sentencing order.  (*Id.*)  Krieger now argues before this Court that his 360 month sentence is unconstitutional.  Although Krieger made various challenges to the duration of his sentence in state court, he did not assert unconstitutionality as a basis for relief until he filed this petition in federal court.  Because Krieger failed to raise a claim regarding the constitutionality of his 360 month sentence before either the Minnesota Court of Appeals or Minnesota Supreme Court, alerting the courts to the federal nature of the claim, the *Knaffla* rule prevents this Court from considering it now.

Krieger argues that his previous challenges to the upward departure presented to the Minnesota Court of Appeals and Minnesota Supreme Court are substantially similar to the present constitutional claim.  Krieger offers *Picard v. O'Connor*, 404 U.S. 270 (1971), in support of his argument that the exhaustion doctrine "does not cut so fine a line" as to preclude different, but substantially, similar claims. (August Objections at 3.) Krieger's reliance on *Picard* is misguided.  Although the *Picard* Court reasoned that there may be instances in which the ultimate question for disposition "will be the same despite variations in the legal theory or factual allegations urged in its support," this claim does not represent such an occasion.  *Picard*, 404 U.S. at 277.  Notably, the *Picard*

Court explained that a habeas petition presented to the state court seeking relief under a specific statutory provision cannot be, under the exhaustion doctrine, aggrandized into a general constitutional claim. *Id.*

Similarly, in the instant case, Krieger originally challenged his 360 month sentence based on the appropriateness of an upward durational departure pursuant to the Minnesota Sentencing Guidelines. At no juncture did Krieger challenge his sentence length on federal constitutional grounds before the Minnesota courts. Moreover, the scope of appellate review of an upward durational departure in Minnesota is limited to whether the sentencing court's departure was supported by substantial and compelling reasons present in the record and articulated in the sentencing order. Minn. Sent. Guidelines § 2.D.1. This limited scope of review was applied to Krieger's upward durational appeal. *Krieger*, 2011 WL 1642525, at *4. Krieger appealed his sentence to the Minnesota courts on this narrow ground and is therefore foreclosed from asking this Court to apply what amounts to a broad and general review of the constitutionality of his sentence. Because Krieger failed to present this claim to either the Court of Appeals or the Supreme Court, the fifth ground for relief is procedurally defaulted under the *Knaffla* rule and thus unreviewable by this Court.

### C. Judicial Misconduct Determination

The eighth ground of Krieger's habeas petition, judicial misconduct, may be divided into six distinct sub-claims. Krieger avers the state trial court acted improperly by (1) allowing late discovery, (2) allowing hearsay, (3) denying the motion to suppress

his confession, (4) using prior criminal history to depart from the Sentencing Guidelines, (5) showing bias, (6) and mischaracterizing and sealing the evidence in the victim's 2003 child protection file. (August R&R at 18–19.) Five of the six sub-claims were presented, *pro se*, on direct appeal to the Court of Appeals. *Krieger*, 2011 WL 1642525, at *5–8. The Magistrate Judge determined that Krieger failed to raise any of these combined claims in his petition before the Minnesota Supreme Court. (August R&R at 18–21.) Therefore, the sub-claims are procedurally defaulted under the *Knaffla* rule. This Court agrees with the Magistrate Judge that because Krieger failed to present sub-claims one through six to the Supreme Court, the eighth ground of this habeas petition, judicial misconduct, is procedurally defaulted under the *Knaffla* rule. Therefore, Krieger's objection as to the Magistrate Judge's ruling on ground eight is denied.

### 1.  Judicial Misconduct as to Sub-Claims One Trough Five

Krieger objects to the Magistrate Judge's determination regarding sub-claims one through four, of Krieger's eighth ground of his habeas petition. These sub-claims were presented on direct appeal to the Court of Appeals, but not to the Supreme Court. *Krieger*, 2011 WL 1642525, at *5–8; (Supreme Ct. Minn. Appeal at 1–10.) These sub-claims are procedurally defaulted under the *Knaffla* rule.

Krieger also argues that the state trial court showed bias during his trial. This argument was not presented on direct appeal to the Court of Appeals or to the Supreme Court. *Krieger*, 2011 WL 1642525; (Supreme Ct. Minn. Appeal at 1–10.) This sub-claim is also procedurally defaulted under the *Knaffla* rule.

### 2. Judicial Misconduct as to Sub-Claim Six

Finally, Krieger argues that the state trial court improperly mischaracterized and sealed evidence in the victim's 2003 child protection file. This sub-claim was presented *pro se* on direct appeal to the Court of Appeals. Krieger presented this judicial misconduct sub-claim on direct appeal to the Court of Appeals as a Fifth and Sixth Amendment violation. His memorandum to the Court of Appeals also supported his claim with federal cases. (Mem. in Opp'n Pet., App. 1 (Appellant's Br. & Addendum ("Appellant's Br.")), at 18, Oct. 18, 2013, Docket No. 17-1.) Additionally, Krieger offered federal constitutional cases in support of this claim. (*Id.*)

The Magistrate Judge reasoned this sub-claim was procedurally defaulted under the *Knaffla* rule because Krieger's petition before the Supreme Court "merely allude[d] to [Krieger's] 'constitutional right to due process and a fair trial.'" (August R&R at 20) (quoting Supreme Ct. Minn. Appeal at 1.) The Magistrate Judge stated that "[s]uch a reference does not sufficiently raise the federal nature of [the] claim . . . because it does not refer 'to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" (August R&R at 20) (quoting *McCall*, 114 F.3d at 757). The Court agrees that the claim was not fairly presented to the Supreme Court because Krieger's claim asserting the broad term "due process" did not sufficiently raise a federal issue. Because Krieger did not raise it before the Supreme Court, this sub-claim is procedurally barred by *Knaffla*.

Krieger argued before the Supreme Court that the unsealing and mischaracterization of the victim's child-protection-file violated his constitutional right to due process and a fair trial. However, Krieger failed to connect his general claim of a constitutional right to due process and a fair trial to a specific constitutional provision. The Eighth Circuit has consistently held that the fair presentation requirement is not satisfied by petitioners, such as Krieger, who "make a general appeal to a constitutional guarantee as broad as due process." *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (quoting *Gray v. Netherland*, 518 U.S. 152, 163 (1996)). Whether Krieger's due process argument and fair trial challenges, presented to the Supreme Court, were based on the Fifth or Fourteenth Amendment Due Process Clause is not ascertainable based on his habeas filings. Moreover, although the Due Process Clause and right to a fair trial are federal constitutional provisions, the Minnesota Constitution equally confers due process and fair trial rights. *See* Minn. Const. art. I. Whether Krieger presented this judicial misconduct sub-claim before the Supreme Court based on the federal, as opposed to state, due process and fair trial provisions is not clear enough to satisfy the fair presentation requirement. *See*, *Webb v. Webb*, 451 U.S. 493, 496–97 (1981) (holding that habeas petitioners must demonstrate that their due process challenges are based on the federal constitution and not a comparable state constitutional provision). As the Magistrate Judge correctly determined, Krieger's "mere allusions" to his right to due process and a fair trial did not put the Supreme Court on notice that Krieger was basing this challenge on either the federal Constitution, a federal constitutional case, or a state case raising a

pertinent federal constitutional issue, as opposed to comparable and overlapping state constitutional provisions. (August R&R at 20) (citing *McCall*, 114 F.3d at 757).

Because Krieger failed to fairly present this judicial misconduct sub-claim as a claim of federal constitutional relief before the Supreme Court, the claim is defective under the fair presentation requirement. Accordingly, this sub-claim is procedurally defaulted under the *Knaffla* Rule. Therefore, this Court will not entertain Krieger's petition for habeas relief on sub-claim six of ground eight.

### D. Denial of Fair Trial by the Cumulative Effect of the Perceived Errors

In ground ten, Krieger argues that he was denied a fair trial by the cumulative effect of the perceived errors. Krieger presented the cumulative-effect-of-errors claim on direct appeal to the Court of Appeals. *Krieger*, 2011 WL 1642525, at *8. However, Krieger failed to raise this ground in his petition before the Minnesota Supreme Court. (Supreme Ct. Minn. Appeal at 1–10.) Therefore, this ground is procedurally defaulted under the *Knaffla* rule and will not be heard by this Court.

### III. KRIEGER'S OBJECTION TO THE SEPTEMBER R&R

Krieger asked this Court to stay the instant case "in order to [allow him to] return to state court to complete exhaustion of the unexhausted claims to the Minnesota Supreme Court." (Mot. to Stay, at 1, Aug. 20, 2014, Docket No. 28.) The Magistrate Judge recommended the Motion to Stay be denied because Krieger's claims are procedurally defaulted under the *Knaffla* Rule. (September R&R at 2–3.) Krieger filed

an objection to the Magistrate Judge's determination. The Court agrees with the Magistrate Judge's reasoning and will dismiss Krieger's objections.

The "stay and abeyance" procedure in habeas actions is used when a petitioner presents a petition including both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A federal district court may stay a habeas action to enable the petitioner to present unexhausted claims to the state court before returning to federal court, but the "stay and abeyance" procedure does not apply to claims that are procedurally defaulted. *Id.* at 275–76; *Armstrong*, 418 F.3d at 926. Because the Magistrate Judge determined that Krieger's claims are procedurally defaulted, Krieger may only obtain a stay if he can overcome the procedural default of his claims.

Krieger argues that he should be allowed to return to state court because his appellate counsel's failure to raise his several *pro se* claims before the Supreme Court constituted "ineffective assistance of counsel." (Mot. to Stay ¶ 2.) Krieger's argument cannot overcome the procedural default of his claims, because attorney mismanagement resulting in procedural default is not cause to excuse the default unless the attorney's actions were constitutionally deficient. *Armstrong*, 418 F.3d at 927. As explained in this Order, this is a high standard and Krieger has failed to demonstrate that appellate counsel's representation was constitutionally deficient. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Krieger did not raise an ineffective assistance of counsel claim in his petition before the Supreme Court; therefore, this claim is procedurally defaulted under the *Knaffla* rule. Because the "stay and abeyance procedure" does not apply to

procedurally defaulted habeas claims, the Court will overrule Krieger's objections and deny his motion to stay this habeas petition.

## IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000).  To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings.  *See Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994).  The Court finds it unlikely that another court would decide the issues raised in Krieger's motion differently.  The Court therefore concludes that Krieger has failed to make the required substantial showing of the denial of a constitutional right and denies a certificate of appealability.

**ORDER**

Based on the foregoing reasons, and all the files, records, and proceedings herein, this Court **OVERRULES** Petitioner's objections [Docket Nos. 27, 32] and hereby **ADOPTS** the Reports and Recommendations of the Magistrate Judge [Docket Nos. 26, 31].  Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus Relief [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

2. Petitioner's Motion to Stay § 2254 Federal Habeas Corpus to Return to State Court [Docket No. 28] is **DENIED**.

3. For the purpose of appeal, the Court does not grant a Certificate of Appealability under 28 U.S.C. § 2253(c).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 4, 2015                        ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                                      United States District Judge