# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

ERIC DEAN KRIEGER,

                                                    Civil No.  13-1942 (JRT/HB)

                                Petitioner,

v.

                                                          **ORDER**

STATE OF MINNESOTA,

                                Respondent.

---

Eric Dean Krieger, No. 144143, MCF - Stillwater, 970 Pickett Street North, Bayport, MN  55003, *pro se*.

Tara C. F. Lopez, Assistant County Attorney, **MILLE LACS COUNTY ATTORNEY'S OFFICE**, 225 Sixth Avenue SE, Milaca, MN  56353, for respondent.

Petitioner Eric Dean Krieger ("Krieger") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   United States Magistrate Judge Hildy Bowbeer recommended dismissing Krieger's habeas petition with prejudice and also recommended denying Krieger's motion to stay proceedings in federal court to allow him to exhaust his unexhausted claims at the Minnesota Supreme Court.  In a February 4, 2015 Order, this Court adopted the Magistrate Judge's two Reports and Recommendations ("R&Rs"), dismissed Krieger's habeas petition with prejudice, and denied his motion to stay.  The Court did not grant a Certificate of Appealability ("COA").

Krieger has since filed a Notice of Appeal.  In three subsequent motions, Krieger seeks permission to proceed *in forma pauperis* ("IFP") on appeal; moves for the appointment of counsel on appeal; and requests a COA.  Because Krieger has shown that

he cannot pay the relevant fees, and because his appeal is not frivolous, the Court will grant Krieger's IFP request. However, the Court will deny Krieger's request for the appointment of counsel and his attempt to obtain a COA.

## DISCUSSION

### I.   IFP STATUS ON APPEAL

Krieger moves to proceed IFP on appeal and avoid paying the $505 filing and docketing fees for an appeal. (Mot. for Leave to Proceed IFP ("IFP Mot."), Feb. 17, 2015, Docket No. 36); 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must submit financial information demonstrating that he or she cannot afford to pay, or give security for, the full fees. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not "taken in good faith." *Id.* § 1915(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, the Court finds that Krieger has met the requirements under Section 1915 for proceeding IFP. Krieger has submitted an affidavit from his mother, showing that he has roughly $400 in his prison spending account. (Aff. in Supp. of Mot. to Proceed on Appeal IFP of Lauren Carole Krieger, Feb. 17, 2015, Docket No. 38.) Krieger also has $1,800 in his prison savings account and $500 in gate savings, which appears to be saved

for his release.  (*Id.*); *see Jones v. Carlson*, No. 06-2317, 2009 WL 294352, at *1 (D. Minn. Feb. 5, 2009) (listing the petitioner's assets, including a "$300 'gate fee' saved for his release").  Krieger also states that he receives $133 per month in net wages from the Minnesota Department of Corrections, in addition to gifts from family.  (IFP Mot. ¶ 2.)

Krieger does appear to have more in his spending account and savings accounts, and to make more on a monthly basis, than some prisoners who have made IFP requests in the past.  *See, e.g.*, *Jones*, 2009 WL 294352, at *1 (noting that the prisoner's assets consisted of $300 in gate fee savings and biweekly wages of $30); *see also Crawford v. State of Minn.*, No. 04-2822, 2005 WL 1843329, at *1 (D. Minn. Aug. 2, 2005) (granting IFP status on appeal where the prisoner only had $2.13 in his prison trust account); *Wilson v. Ferrise*, No. 03-5700, 2004 WL 3222886, at *1 (D. Minn. Dec. 30, 2004) (granting IFP status where the prisoner had "no means of income or any personal assets of financial value").  Nevertheless, Krieger does not have sufficient "spending" funds in his account to prepay the filing fee.  *See Dean v. King*, No. 09-1745, 2009 WL 2743103, at *3 (D. Minn. Aug. 26, 2009) (focusing, when analyzing an IFP request on appeal from a 42 U.S.C. §1983 claim, on the amount of "spending" funds available to the prisoner).  While it is a close case, the Court concludes that Krieger is not able to pay the relevant filing and docketing fees.

In addition, although the Court remains satisfied that Krieger's habeas petition was properly dismissed, the Court is not willing to conclude that his appeal is "frivolous" as that term has been defined by the Supreme Court.  *Neitzke*, 490 U.S. at 325.  Therefore,

the Court concludes that Krieger's appeal is "taken in good faith" and consequently will grant his IFP request.  28 U.S.C. § 1915(a)(3).

## II.     APPOINTMENT OF COUNSEL

Krieger also seeks the appointment of counsel on appeal.  (Mot. for Appointment of Counsel, Feb. 17, 2015, Docket No. 39); *see* 18 U.S.C. § 3006A(a)(2); 28 U.S.C. § 1915(e)(1).  Indigent defendants do not have a statutory right to counsel in habeas cases. *See Lundquist v. State*, No. 01-293, 2002 WL 31520742, at *1 (D. Minn. Nov. 11, 2002) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)).  Whether to appoint counsel is instead a matter within the discretion of the Court.  *See Mosby v. Mabry*, 697 F.2d 213, 214-15 (8th Cir. 1982).  In deciding whether to appoint counsel, the Court considers several factors, including the factual and legal complexity of the case; the ability of the plaintiff to investigate the facts; the existence of conflicting testimony; and the ability of the plaintiff to present his claim.  *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Barber v. United States*, No. 09-00009, 2010 WL 31720, at *3 (E.D. Ark. Jan. 4, 2010) (quoting *Johnson*, 788 F.2d at 1322-23).

Here, the factual and legal issues are relatively straightforward.  Moreover, Krieger has demonstrated familiarity with the Court's procedures and the relevant case law, and the ability to present his case adequately.  As a result, in light of the *Johnson* factors, the Court will deny Krieger's motion to appoint counsel.  *See Aragon-Hernandez v. United States*, No. 13-2218, 2014 WL 468266, at *3 (D. Minn. Feb. 6, 2014) ("Where a petitioner has shown familiarity with case law and judicial procedure, a court may refuse to appoint counsel.").

## III.    CERTIFICATE OF APPEALABILITY

Finally, Krieger seeks a COA, which the Court will grant only if the defendant has made a substantial showing of the denial of a constitutional right.    28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000).  To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings.  *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).   Here, this Court concluded in its prior Order adopting the Reports and Recommendations that Krieger failed to meet this standard.   (Mem. Op. & Order Adopting R&Rs at 17, Feb. 4, 2015, Docket No. 33.) None of the arguments in Krieger's motion demonstrate that a court would resolve the issues in this case differently or that Krieger is being denied a constitutional right.  As a result, the Court will not deviate from its prior decision not to grant a COA in this case.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Krieger's application to proceed on appeal *in forma pauperis* [Docket No. 36] is **GRANTED**.

2.   Krieger's motion for the appointment of counsel [Docket No. 39] is **DENIED**.

3.   Krieger's motion for Certificate of Appealability [Docket No. 40] is **DENIED**.

DATED: May 11, 2015                              _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                                JOHN R. TUNHEIM
                                                    United States District Judge